IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ERROL W. LONGEE,<br><br>Defendant. | CR 04-121-GF-BMM-01<br>CR 04-160-GF-BMM-01<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I. Synopsis

Mr. Longee was accused of violating his conditions of supervised release by: (1) failing to report for substance abuse treatment; (2) failing to report for substance abuse testing; (3) failing to report to the probation officer as directed; (4) failing to successfully complete a sex offender treatment program; and (5) failing to notify his probation officer prior to a change in residence. Mr. Longee's supervised release should be revoked. He should be sentenced to three months of custody, with 31 months of supervised release to follow.

## II. Status

In January 2005, Mr. Longee pleaded guilty to Abusive Sexual Contact without Permission, Sexual Abuse, and Sexual Abuse of a Minor. (CV 04-121-

GF-BMM-001, Doc. 30; CV 04-160-GF-BMM-001, Doc. 13.) On each count, United States District Court Judge Sam E. Haddon sentenced Mr. Longee to 139 months of custody and 36 months of supervised release. The counts ran concurrently. (CV 04-121-GF-BMM-001, Doc. 33; CV 04-160-GF-BMM-001, Doc. 19.) Mr. Longee's first term of supervised release began on March 27, 2015. (CV 04-121-GF-BMM-001, Doc. 35; CV 04-160-GF-BMM-001, Doc. 21.)

On May 13, 2015, the United States Probation Office submitted a Petition Modifying the Conditions of Release with Consent of Offender. United States District Court Judge Brian Morris signed the petition, modifying Mr. Longee's conditions of release to comply with Ninth Circuit requirements. (CV 04-121-GF-BMM-001, Doc. 34; CV 04-160-GF-BMM-001, Doc. 20.)

On October 1, 2015, Mr. Longee's supervised release was revoked because he violated the conditions of his release by using a controlled substance, failing to participate in substance abuse treatment, failing to participate in substance abuse testing, and failing to successfully complete sex offender treatment. He was sentenced to two months of custody and 34 months of supervised release. (CV 04-121-GF-BMM-001, Doc. 44; CV 04-160-GF-BMM-001, Doc. 230) Mr. Longee began his second term of supervised release on November 2, 2015. (CV 04-121-GF-BMM-001, Doc. 52; CV 04-160-GF-BMM-001, Doc. 36.)

On December 3, 2015, the United States Probation Office filed a petition seeking to revoke Mr. Longee's supervised release because he had failed to maintain contact with his probation officer. (CV 04-121-GF-BMM-001, Doc. 46; CV 04-160-GF-BMM-001, Doc. 32.) After the Probation Office filed the petition, Mr. Longee contacted his probation officer. The petition and arrest warrant were therefore quashed. (CV 04-121-GF-BMM-001, Doc. 48; CV 04-160-GF-BMM-001, Doc. 34.)

**Petition and Amended Petition**

On March 17, 2016, the Probation Office filed a petition asking the Court to revoke Mr. Longee's supervised release. The Probation Office accused Mr. Longee of violating Special Condition 2 of his supervised release by failing to report for substance abuse treatment. The Probation Office accused Mr. Longee of violating Special Condition 1 of his supervised release by failing to report for urinalysis testing. The petition alleged Mr. Longee violated Standard Condition 2 of his supervised release by failing to report to his probation officer as directed. The petition alleged Mr. Longee violated Special Condition 3 of his supervised release by failing to successfully complete a sex offender treatment program. The petition also alleged Mr. Longee violated Standard Condition 6 of his supervised release by failing to notify his probation officer prior to a change in address. (CV

04-121-GF-BMM-001, Doc. 50.) Based on the petition, United States District Court Judge Brian Morris issued a warrant for Mr. Longee's arrest. (CV 04-121-GF-BMM-001, Doc. 51.)

On March 22, 2016, the Probation Office filed an Amended Petition for Warrant for Offender under Supervision. The Probation Office restated the five alleged violations discussed above. The only substantive difference between the petitions is that the Amended Petition references both of Mr. Longee's underlying cases. (CV 04-121-GF-BMM-001, Doc. 52; CV 04-160-GF-BMM-001, Doc. 36.)

**Initial appearance**

Mr. Longee appeared before the undersigned on March 28, 2016, in Great Falls, Montana, for an initial appearance. Federal Defender Anthony Gallagher accompanied him at the initial appearance. Assistant United States Attorney Joseph Cik represented the United States.

Mr. Longee said he had read the petition and understood the allegations. Mr. Longee waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

On April 25, 2016, Mr. Longee appeared with Mr. Gallagher before the undersigned for a revocation hearing. Assistant United States Attorney Ryan

Weldon appeared on behalf of the United States. Mr. Longee admitted that he violated the conditions of his supervised release. The violations are serious and warrant revocation of Mr. Longee's supervised release.

Mr. Longee's violation grade is Grade C, his criminal history category is I, and his underlying offenses are Class C felonies. He could be incarcerated for up to 24 months on each count. For each count, he could be ordered to remain on supervised release for 34 months, less any custody time imposed. The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Gallagher recommended a sentence at the low end of the guideline range or a downward departure from the range. Mr. Gallagher argued Mr. Longee has spent the majority of his adult life in prison and expressed his frustration that alternative sanctions are not available to Mr. Longee. Mr. Weldon recommended a guideline sentence with supervision to follow. Mr. Weldon said the United States is most concerned with Mr. Longee complying with the conditions of his supervised release. Mr. Longee addressed the Court and said he hopes to stay in Great Falls after his time in custody.

### III. Analysis

Mr. Longee's supervised release should be revoked because he admitted violating its conditions. For each count, Mr. Longee should be sentenced to three

months of custody, with 31 months supervised release to follow. The sentences should run concurrently. The conditions of supervised release previously imposed should be continued. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

## IV. Conclusion

Mr. Longee was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Longee's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Longee's supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> 1. Errol W. Longee violated Special Condition 2 of his supervised release by failing to report for substance abuse treatment on December 10, 2015, December 15, 2015, January 14, 2016, January 21, 2016, February 11, 2016, and February 25, 2016.
>
> 2. Errol W. Longee violated Special Condition 1 of his supervised release by failing to report for substance abuse testing on December 4, 2015, December 11, 2015, December 15, 2015, January 5, 2016, January 14, 2016, January 27, 2016, February 3, 2016, and February 11, 2016.
>
> 3. Errol W. Longee violated Standard Condition 2 of his supervised release by failing to report to his probation officer as directed on

January 12, 2016.

4. Errol W. Longee violated Special Condition 3 of his supervised release by failing to successfully complete a sex offender treatment program when he failed to report for treatment on February 20, 2016, and March 9, 2016.

5. Errol W. Longee violated Standard Condition 6 of his supervised release by notify his probation officer prior to a change in residence in February 2016.

The undersigned **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. Longee's supervised release and committing Mr. Longee to the custody of the United States Bureau of Prisons for three months. He should be sentenced to 31 months of supervised release. The same conditions of supervised release, which were read in open court, should be continued.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written

objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 28th day of April, 2016.

_____
John Johnston
United States Magistrate Judge