IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ERROL W. LONGEE,<br><br>Defendant. | CR 04-121-GF-BMM-01<br>CR 04-160-GF-BMM-01<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I. Synopsis

The United States accused Mr. Longee of violating his conditions of supervised release by (1) failing to report for substance abuse treatment; (2) failing to report for substance abuse testing; (3) failing to report to the probation officer as directed; (4) failing to successfully complete a sex offender treatment program; and (5) consuming alcohol. Mr. Longee admitted to the violations. Mr. Longee's supervised release should be revoked. He should be sentenced to seven months of custody, with twenty-four months of supervised release to follow, to include six months in a Residential Reentry Center if he is accepted.

## II. Status

In January 2005, Mr. Longee pleaded guilty to Abusive Sexual Contact

1

without Permission, Sexual Abuse, and Sexual Abuse of a Minor. (CV 04-121-GF-BMM-001, Doc. 30; CV 04-160-GF-BMM-001, Doc. 13.) On each count, United States District Court Judge Sam E. Haddon sentenced Mr. Longee to 139 months of custody and 36 months of supervised release. The counts ran concurrently. (CV 04-121-GF-BMM-001, Doc. 33; CV 04-160-GF-BMM-001, Doc. 19.) Mr. Longee's first term of supervised release began on March 27, 2015. (CV 04-121-GF-BMM-001, Doc. 35; CV 04-160-GF-BMM-001, Doc. 21.)

On May 13, 2015, the United States Probation Office submitted a Petition Modifying the Conditions of Release with Consent of Offender. United States District Court Judge Brian Morris signed the petition, modifying Mr. Longee's conditions of release to comply with Ninth Circuit requirements. (CV 04-121-GF-BMM-001, Doc. 34; CV 04-160-GF-BMM-001, Doc. 20.)

On October 1, 2015, Mr. Longee's supervised release was revoked because he violated the conditions of his release by using a controlled substance, failing to participate in substance abuse treatment, failing to participate in substance abuse testing, and failing to successfully complete sex offender treatment. He was sentenced to two months of custody and 34 months of supervised release. (CV 04-121-GF-BMM-001, Doc. 44; CV 04-160-GF-BMM-001, Doc. 230) Mr. Longee began his second term of supervised release on November 2, 2015. (CV 04-121-

GF-BMM-001, Doc. 52; CV 04-160-GF-BMM-001, Doc. 36.)

On December 3, 2015, the United States Probation Office filed a petition seeking to revoke Mr. Longee's supervised release because he had failed to maintain contact with his probation officer. (CV 04-121-GF-BMM-001, Doc. 46; CV 04-160-GF-BMM-001, Doc. 32.) After the Probation Office filed the petition, Mr. Longee contacted his probation officer. The petition and arrest warrant were therefore quashed. (CV 04-121-GF-BMM-001, Doc. 48; CV 04-160-GF-BMM-001, Doc. 34.)

On May 26, 2016, the Court revoked Mr. Longee's supervised release because he failed to participate in substance abuse testing and treatment, failed to participate in sex offender treatment, failed to report as directed, and failed to notify his probation officer of a change in his address. The Court sentenced mr. Longee to three months in custody, with thirty-one months of supervised release to follow. (CV 04-121-GF-BMM-001, Doc. 61; CV 04-160-GF-BMM-001, Doc. 44.) His current term of supervised release began on June 23, 2016.

**Petition**

On October 18, 2016, the Probation Office filed a petition asking the Court to revoke Mr. Longee's supervised release. The Probation Office accused Mr. Longee of violating the conditions of his supervised release by (1) failing to report

for substance abuse treatment; (2) failing to report for substance abuse testing; (3) failing to report to the probation officer as directed; (4) failing to successfully complete a sex offender treatment program; and (5) consuming alcohol. (CV 04-121-GF-BMM-001, Doc. 61; CV 04-160-GF-BMM-001, Doc. 44.) Based on the petition, United States District Court Judge Brian Morris issued a warrant for Mr. Longee's arrest. (CV 04-121-GF-BMM-001, Doc. 63; CV 04-160-GF-BMM-001, Doc. 46.)

**Initial appearance**

Mr. Longee appeared before the undersigned on November 3, 2016, in Great Falls, Montana, for an initial appearance. Federal Defender David Ness accompanied him at the initial appearance. Assistant United States Attorney Jessica Betley represented the United States.

Mr. Longee said he had read the petition and understood the allegations. Mr. Longee waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned. The Court continued the revocation hearing in order to determine what treatment options were available to Mr. Longee.

**Revocation hearing**

On November 15, 2016, Mr. Longee appeared with Mr. Ness before the

undersigned for a revocation hearing.  Assistant United States Attorney Jessica Betley appeared on behalf of the United States.  Mr. Longee admitted that he violated the conditions of his supervised release.  The violations are serious and warrant revocation of Mr. Longee's supervised release.

Mr. Longee's violation grade is Grade C, his criminal history category is I, and his underlying offenses are Class C felonies.  He could be incarcerated for up to 24 months on each count.  For each count, he could be ordered to remain on supervised release for thirty-one months, less any custody time imposed.  The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Ness recommended a sentence of six to nine months in custody. Ms. Betley agreed with the recommendation. Mr. Longee addressed the Court and said he did not learn to read or write until he was incarcerated and that he wants to go to prison so he may complete a GED program.

### III.  Analysis

Mr. Longee's supervised release should be revoked because he admitted violating its conditions.  For each count, Mr. Longee should be sentenced to seven months of custody, with twenty-four months of supervised release to follow, to include six months in a Residential Reentry Center if he is accepted.  The sentences should run concurrently. This sentence would be sufficient given the serious

violation of the Court's trust, but it would not be greater than necessary.

## IV. Conclusion

Mr. Longee was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Longee's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Longee's supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> Errol W. Longee violated the conditions of his supervised release by (1) failing to report for substance abuse treatment; (2) failing to report for substance abuse testing; (3) failing to report to the probation officer as directed; (4) failing to successfully complete a sex offender treatment program; and (5) consuming alcohol.

The undersigned **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. Longee's supervised release and committing Mr. Longee to the custody of the United States Bureau of Prisons for seven months, with twenty-four months of supervised release to follow, to include six months in a Residential Reentry Center if he is accepted.

# NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 16th day of November 2016.

John Johnston
United States Magistrate Judge