IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ERROL W. LONGEE,<br><br>Defendant. | CR 04-121-GF-BMM-01<br>CR 04-160-GF-BMM-01<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I. Synopsis

The United States accused Mr. Longee of violating his conditions of supervised release by (1) failing to report for substance abuse testing, (2) failing to report for substance abuse treatment, (3) consuming alcohol, and (4) failing to successfully complete a sex offender treatment program. Mr. Longee admitted to the violations. Mr. Longee's supervised release should be revoked. He should be sentenced to twenty-four months of custody, with no term supervised release to follow. The Court recommends Mr. Longee be allowed to serve his term of custody at the Federal Correctional Institution in Englewood, Colorado.

## II. Status

In January 2005, Mr. Longee pleaded guilty to Abusive Sexual Contact

1

without Permission, Sexual Abuse, and Sexual Abuse of a Minor. (CV 04-121-GF-BMM-001, Doc. 30; CV 04-160-GF-BMM-001, Doc. 13). On each count, United States District Court Judge Sam E. Haddon sentenced Mr. Longee to 139 months of custody and 36 months of supervised release. The counts ran concurrently. (CV 04-121-GF-BMM-001, Doc. 33; CV 04-160-GF-BMM-001, Doc. 19). Mr. Longee's first term of supervised release began on March 27, 2015. (CV 04-121-GF-BMM-001, Doc. 35; CV 04-160-GF-BMM-001, Doc. 21).

On May 13, 2015, the United States Probation Office submitted a Petition Modifying the Conditions of Release with Consent of Offender. United States District Court Judge Brian Morris signed the petition, modifying Mr. Longee's conditions of release to comply with Ninth Circuit requirements. (CV 04-121-GF-BMM-001, Doc. 34; CV 04-160-GF-BMM-001, Doc. 20).

On October 1, 2015, Mr. Longee's supervised release was revoked because he violated the conditions of his release by using a controlled substance, failing to participate in substance abuse treatment, failing to participate in substance abuse testing, and failing to successfully complete sex offender treatment. He was sentenced to two months of custody and 34 months of supervised release. (CV 04-121-GF-BMM-001, Doc. 44; CV 04-160-GF-BMM-001, Doc. 230). Mr. Longee began his second term of supervised release on November 2, 2015. (CV 04-121-

GF-BMM-001, Doc. 52; CV 04-160-GF-BMM-001, Doc. 36).

On December 3, 2015, the United States Probation Office filed a petition seeking to revoke Mr. Longee's supervised release because he had failed to maintain contact with his probation officer.  (CV 04-121-GF-BMM-001, Doc. 46; CV 04-160-GF-BMM-001, Doc. 32).  After the Probation Office filed the petition, Mr. Longee contacted his probation officer.  The petition and arrest warrant were therefore quashed.  (CV 04-121-GF-BMM-001, Doc. 48; CV 04-160-GF-BMM-001, Doc. 34).

On May 26, 2016, the Court revoked Mr. Longee's supervised release because he failed to participate in substance abuse testing and treatment, failed to participate in sex offender treatment, failed to report as directed, and failed to notify his probation officer of a change in his address. The Court sentenced mr. Longee to three months in custody, with thirty-one months of supervised release to follow.  (CV 04-121-GF-BMM-001, Doc. 61; CV 04-160-GF-BMM-001, Doc. 44).  His current term of supervised release began on June 23, 2016.

On December 15, 2016, Mr. Longee's supervised release was revoked and he was sentenced to seven months custody with twenty-four months of supervised release on account of Mr. Longee's failure to report for substance abuse treatment, testing, failure to report to his probation officer, failure to complete a sex offender

3

treatment program, and consuming alcohol. (CV 04-121-GF-BMM-001, Doc. 74; CV 04-160-GF-BMM-001, Doc. 55). Mr. Longee began his term of supervised release on May 25, 2017.

**Petition**

On July 7, 2017, the United State Probation Office filed a petition to revoke Mr. Longee's supervised release. The petition alleges that Mr. Longee failed to report for substance abuse testing on June 8, 2017, June 14, 2017, June 26, 2017, and June 29, 2017. The petition further alleges Mr. Longee failed to report for substance abuse treatment on June 8, 2017, and June 29, 2017. The petition also alleges that on July 1, 2017, Mr. Longee admitted that he had consumed alcohol after law enforcement arrested him as a suspect in a homicide investigation. Finally, the petition alleges Mr. Longee was referred for sexual offender treatment, but as of July 7, 2017, Mr. Longee had not engaged in treatment as directed. (CV 04-121-GF-BMM-001, Doc. 76; CV 04-160-GF-BMM-001, Doc. 57). Based on the petition, United States District Court Judge Brian Morris issued a warrant for Mr. Longee's arrest. (CV 04-121-GF-BMM-001, Doc. 77; CV 04-160-GF-BMM-001, Doc. 58).

**Initial appearance**

Mr. Longee appeared before the undersigned on December 20, 2017, in

Great Falls, Montana, for an initial appearance. Federal Defender David Ness accompanied him at the initial appearance. Assistant United States Attorney Ryan Weldon represented the United States.

Mr. Longee said he had read the petition and understood the allegations. Mr. Longee waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned. The Court continued the revocation hearing until January 9, 2018.

**Revocation hearing**

On January 9, 2018, Mr. Longee appeared with Federal Defender Evangelo Arvanetes before the undersigned for a revocation hearing. Mr. Weldon appeared on behalf of the United States. Mr. Longee admitted that he violated the conditions of his supervised release. The violations are serious and warrant revocation of Mr. Longee's supervised release.

Mr. Longee's violation grade is Grade C, his criminal history category is I, and his underlying offenses are all Class C felonies. He could be incarcerated for up to twenty-four months on each count. For each count, he could be ordered to remain on supervised release for twenty-four months, less any custody time imposed. The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Arvanetes recommended an above-guideline sentence in custody with no supervised release to follow. Mr. Weldon agreed with the recommendation. Mr. Longee addressed the Court and suggested a sentence of eighteen to twenty-four months with no supervised release to follow, requesting that he serve his term at the Federal Correctional Institution in Englewood, Colorado, where he could attend sex offender treatment as well as other educational programs.

### III.  Analysis

Mr. Longee's supervised release should be revoked because he admitted violating its conditions. For each count, Mr. Longee should be sentenced to twenty-four months of custody, with no supervised release to follow, to run concurrently. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary. The Court recommends Mr. Longee be allowed to serve his term of custody at the Federal Correctional Institution in Englewood, Colorado.

### IV.  Conclusion

Mr. Longee was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Longee's objection, if it is filed within the

allotted time, before making a final determination on whether to revoke Mr. Longee's supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> Errol W. Longee violated the conditions of his supervised release by (1) failing to report for substance abuse testing, (2) failing to report for substance abuse treatment, (3) consuming alcohol, and (4) failing to successfully complete a sex offender treatment program.

The undersigned **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. Longee's supervised release and committing Mr. Longee to the custody of the United States Bureau of Prisons for twenty-four months, with no supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written

objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 10th day of January, 2018.

/s/ John Johnston
John Johnston
United States Magistrate Judge